UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY L.J., <br><br>   Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>   Defendant. | CASE NO. C22-0709-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1972.[1] Plaintiff has at least a high school education and previously worked as a paralegal/paralegal assistant and florist. AR 19. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Income (SSI) on October 29, 2018, alleging disability beginning September 14, 2008.[2] AR 6. The applications were denied at the initial level and on reconsideration. On April 6, 2021, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE).[3] AR 51–95. On April 20, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 6–21. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on April 5, 2022 (AR 27–31), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

---

[2] The ALJ's decision states that Plaintiff alleged disability since September 14, 2006, in relation to her SSI application. AR 6. Plaintiff asserts that her SSI application contains the incorrect year and that she alleges disability since September 14, 2008, for both her DIB and SSI claims. Dkt. 8, at 2 n.1; AR 460. The Commissioner does not dispute that Plaintiff's alleged onset date is in 2008. Dkt. 9, at 14.

[3] A hearing was originally scheduled for December 8, 2020; however, the ALJ continued the hearing "when it became clear that there were outstanding medical records that needed to be obtained." AR 6, 32–50.

ORDER
PAGE - 2

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity since September 14, 2006, and that Plaintiff's earnings in 2008 were sufficient to constitute substantial gainful activity. AR 9. However, the ALJ's step one finding does not accurately consider the relevant period because Plaintiff alleges an onset date of September 14, 2008. Nevertheless, any error in the ALJ's step one finding would be harmless because the ALJ did not find Plaintiff disabled at step one of the sequential evaluation. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia; tremors; lumbar and cervical degenerative disc disease; irritable bowel syndrome; asthma; depressive disorder; and anxiety disorder. AR 9.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 9–11.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> [Plaintiff] is able to remember, understand, and carry out simple and routine instructions and tasks consistent with the learning and training requirements of SVP level one and two jobs; can lift and/or carry ten pounds occasionally and frequently; no overhead reaching; frequent reaching at or below shoulder level; frequent handling and fingering; no contact with the public; capable of working in proximity to but not in coordination with co-workers; occasional contact with supervisors; occasional stooping; no crouching, crawling, kneeling, or climbing ramps, stairs, ropes, ladders, or scaffolds; no balancing, working at heights, or in proximity to

hazardous conditions; and must avoid concentrated exposure to pulmonary irritants.

AR 11–12. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 19.

At step five, the ALJ found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 21. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as production assembler, hand packager, electrical accessories assembler. AR 20. The VE further testified that, if limited to sedentary work, Plaintiff would be capable of performing the requirements of table bench worker and taper. AR 20.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly considered the opinion of examining psychologist David Widlan, Ph.D.; (2) whether the ALJ properly considered Plaintiff's subjective complaints about pain, fatigue, and confusion from her fibromyalgia and other impairments; and (3) whether the ALJ properly considered the lay witnesses' written statements. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinion Evidence**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id.* at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). Further, the Court must continue to consider whether

the ALJ's analysis is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. David Widlan, Ph.D.

Dr. Widlan examined Plaintiff on March 11, 2019. AR 1917–21. Dr. Widlan found that Plaintiff suffers from generalized anxiety disorder and chronic depression, gets easily overwhelmed, is prone to difficulties with stress, and has "some deficits in memory and concentration with basic social reasoning intact." AR 1920. Dr. Widlan opined that Plaintiff "is cognitively able to accept simple instruction from a supervisor" but "[m]oderately complex tasks would be challenging for her," "likely would struggle to persist with adequate pace due to fatigue," and "likely has some deficits in [activities of daily living]." AR 1920–21. The doctor further opined that Plaintiff "can negotiate simple social stressors on a consistent and routine basis" and is capable of handling her funds. AR 1920–21.

The ALJ found Dr. Widlan's opinion unpersuasive. AR 17. The ALJ found that most of the records Dr. Widlan reviewed were not contained in the record and unable to be verified. AR 17–18. The ALJ found that the doctor provided "a very scant opinion about the claimant's ability to function mentally" that was inconsistent with his own examination findings and other evidence of record. AR 18. The ALJ further found that Dr. Widlan indicated that Plaintiff had difficulties with the examination that are not consistent with other evidence of record and, therefore, "cannot be considered an accurate reflection of the claimant's mental functioning." AR 18.

Plaintiff argues that the ALJ improperly rejected Dr. Widlan's opinion by finding that the doctor reviewed a 2012 statement from Dr. David Shaw, which the ALJ found unpersuasive. Dkt.

ORDER
PAGE - 5

8, at 5. The Commissioner argues that the ALJ did not reject Dr. Widlan's opinion on this basis and, rather, that the ALJ merely noted that Dr. Shaw's opinion was in the record. Dkt. 13, at 13. Because the Commissioner concedes that the ALJ did not reject Dr. Widlan's opinion on the grounds that the doctor reviewed Dr. Shaw's opinion, the Court proceeds to reviewing only the reasons offered by the ALJ for rejecting Dr. Widlan's opinion. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ.").

Plaintiff argues that the ALJ improperly rejected Dr. Widlan's opinion by finding the doctor's assessment of functional limitations to be "very scant."[4] Dkt. 8, at 5–6. Plaintiff argues that the doctor's opinion was well supported by objective evidence, including the doctor's own clinical interview and examination notes. *Id*. Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The ALJ found that Dr. Widlan's assessment of Plaintiff's mental functioning was "not consistent with his examination findings." AR 18. The ALJ, however, failed to explain how or why Dr. Widlan's clinical findings failed to support his opinion. Indeed, as the ALJ acknowledged, Dr. Widlan noted largely abnormal findings in Plaintiff's mental functioning during Plaintiff's examination, including that Plaintiff "was confused, exhibited general dysphoria and a flat affect, struggled to identify time periods for life

---

[4] Plaintiff also argues that the ALJ had a duty to recontact Dr. Widlan for clarification. Dkt. 8, at 5–6. Although the ALJ has a duty to develop the record, this duty "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Here, the ALJ did not find that the evidence was ambiguous or that the record was inadequate to evaluate Dr. Widlan's opinion. Therefore, Plaintiff has not shown that the ALJ was required to develop the record further.

ORDER
PAGE - 6

events, could only repeat four digits forward and three backward, could not interpret a proverb, did not know the governor of Washington, could not name a single current event, and could not perform serial 3's or serial 7's." AR 18. Dr. Widlan further found that Plaintiff "exhibited significant concentration deficits" and "struggled to maintain focus at times and responded with slow pace." AR 1920. These findings are not reasonably inconsistent with Dr. Widlan's assessment that Plaintiff would have challenges with moderately complex tasks and would likely struggle to persist with pace. Therefore, the ALJ's finding that Dr. Widlan's opinion was not supported by his own examination findings is not supported by substantial evidence.

Plaintiff next argues that the ALJ improperly rejected Dr. Widlan's opinion by finding it inconsistent "with other evidence of record." Dkt. 8, at 6. Under the consistency factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ found that "[n]o other treating or examining source . . . had indicated the claimant has such limitations [as those assessed by Dr. Widlan]" and that the record indicates that Plaintiff is "highly educated," "has performed skilled, demanding jobs despite her impairments," and "has retained her basic level of mental functioning." AR 18. In the decision, the ALJ cited medical records that described Plaintiff with normal mood, affect, behavior, thought content, judgment, and memory. AR 10–11, 14. However, the ALJ failed to explain how or why these records were inconsistent with Dr. Widlan's assessment that Plaintiff would struggle to concentrate, focus, or persist with adequate pace in the workplace. Indeed, the medical records cited by the ALJ did not assess Plaintiff's concentration or persistence, and Dr. Widlan's assessment is the only complete mental status examination of record. Therefore, the ALJ's finding that Dr. Widlan's opinion was inconsistent with evidence of record was not

supported by substantial evidence.

Plaintiff further argues that the ALJ improperly found Dr. Widlan's opinion unsupported by the record because the ALJ failed to consider that the effects of fibromyalgia vary in intensity. Dkt. 8, at 7. Plaintiff argues that the record contains evidence indicating that Plaintiff experienced "fibro fog," confusion, and decreased concentration related to her fibromyalgia. *Id.*; Dkt. 12, at 4. As discussed above, the ALJ improperly evaluated the consistency factor when evaluating the persuasiveness of Dr. Widlan's opinion. On remand, the ALJ should reevaluate the medical evidence related to Plaintiff's ability to concentrate and focus when evaluating the consistency of Dr. Wildan's opinion according to the regulatory factors. *See* 20 C.F.R. §§ 404.1545(e)(3), 416.945(e)(3) (the RFC is assessed "based on all of the relevant medical and other evidence.").

Plaintiff argues that the ALJ improperly rejected Dr. Widlan's opinion by finding that the doctor relied on records that were not in the record. Dkt. 8, at 5. Plaintiff points out that all of the records reviewed by Dr. Widlan can be found in the record. *Id.* The Commissioner concedes that the ALJ erred in this regard but argues that the error was harmless because the ALJ provided other reasons to reject Dr. Widlan's opinion. Dkt. 9, at 12–13. However, as discussed above, the ALJ's evaluation of the supportability and consistency of Dr. Widlan's opinion lacks the support of substantial evidence. Therefore, the ALJ's error was not harmless.

**2. Subjective Testimony**

The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[5] *Trevizo v. Berryhill*, 871 F.3d

---

[5] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 8

664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that she cannot work because she has chronic pain that makes it hard to move her body and clouds her ability to think clearly, that she experiences confusion and brain fog, and that basic activities, such as getting up and feeding herself, is a full-time job and exhausting. AR 364, 397. Plaintiff alleges that her impairments affect most of her functional abilities. AR 369, 402. At the hearing, Plaintiff testified that she experiences "fibro fog," which makes her unable to think and feel "scrambled," and that her fibromyalgia symptoms are unpredictable. AR 60, 75–76.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of her alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 13.

Plaintiff argues that the ALJ improperly rejected Plaintiff's testimony based on inconsistency with medical records that described Plaintiff to be in "no acute distress." Dkt. 8, at 10. Plaintiff argues that notations of "no acute distress" are irrelevant where, as here, the claimant has a chronic condition. *Id.* (citing *Combs v. Berryhill*, 878 F.3d 642 (8th Cir. 2017). In *Combs*, the Eight Circuit Court of Appeals found that the ALJ erred by relying on his own interpretation of what "no acute distress" meant in terms of Plaintiff's ability to function in the workplace.

ORDER
PAGE - 9

*Combs*, 878 F.3d at 647. Here, the ALJ found that medical notations of Plaintiff being in "no acute distress" were inconsistent with Plaintiff's "impairments and allegations of severe functional limitations and pain." AR 13. The ALJ, however, did not specify what specific limitations he believed to be inconsistent with medical notations of "no acute distress" nor did the ALJ identify how any such notations affected Plaintiff's ability to function in the workplace. Therefore, the ALJ erred by rejecting Plaintiff's symptom testimony based on medical notations of "no acute distress," and the ALJ's reasoning was not specific, clear, or convincing.

Plaintiff argues that the ALJ improperly rejected Plaintiff's symptom testimony of neck pain based on imaging and examination records of Plaintiff's spine. Dkt. 8, at 11. An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record; however, the ALJ may not reject symptom testimony based on a lack of support in the medical record. *Carmickle*, 533 F.3d at 1161. The ALJ found that, despite Plaintiff's allegations of "excruciating neck pain," imaging studies of Plaintiff's cervical spine have remained stable since 2015, that Plaintiff's doctors noted that it was "difficult to say" whether Plaintiff's pain was related to her cervical spinal impairment, and that imaging of Plaintiff's lumbar spine "revealed nothing beyond some mild to moderate degenerative changes without spondylolisthesis, vertical compression, or destructive lesion." AR 13. The ALJ, however, did not describe how or why these medical records contradicted or were inconsistent with the functional limitations that Plaintiff alleges are caused by her neck impairment. Rather, the ALJ merely found that the medical records did not support Plaintiff's alleged degree of pain. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir 1991) ("[The ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("[T]he medical evidence is still a relevant factor in

ORDER
PAGE - 10

determining the severity of the claimant's pain *and its disabling effects*." (emphasis added)). Therefore, the ALJ erred by rejecting Plaintiff's testimony regarding disabling neck pain based on inconsistency with the medical evidence, and the ALJ's reasoning was not specific, clear, or convincing.

Plaintiff next argues that the ALJ improperly rejected Plaintiff's symptom testimony based on evidence of improvement with medication. Dkt. 8, at 11–12. "[I]mpairments that can be controlled effectively with medication are not disabling . . . ." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ cited sporadic treatment records from 2010, 2011, 2014, 2015, and 2019, which noted that Plaintiff had taken different medications to treat her pain and fibromyalgia symptoms. AR 14. Although Plaintiff reported in 2019 that taking Cymbalta made her feel better at first, Plaintiff reported experiencing side effects a few months after beginning Cymbalta and discontinued the medication. AR 454, 2036–37, 2124–25. Similarly, although Plaintiff reported that taking Tramadol/Ultram was "helpful," Plaintiff nevertheless reported that she continued to have symptoms from fibromyalgia, fatigue, and pain. *See, e.g.*, AR 1761, 1783. Further, Plaintiff alleges that her symptoms are unpredictable, yet the ALJ's decision does not adequately address the unpredictability or progression of Plaintiff's symptoms throughout the relevant period. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) ("[The ALJ] cannot simply pick out a few isolated instances" of medical health that support the ALJ's conclusion but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms."); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1113 (9th Cir. 2021) (the ALJ errs by discrediting a claimant's testimony "as a whole because of changes over time or inconsistencies relevant only to portions of testimony describing a certain period"). Therefore, the ALJ's erred by rejecting Plaintiff's symptom testimony based on evidence of

improvement with medication, and the ALJ's reasoning was not specific, clear, or convincing.

Plaintiff argues that the ALJ improperly rejected Plaintiff's symptom testimony based on evidence of Plaintiff's activities. Dkt. 8, at 13–16. An ALJ may use daily activities to reject a claimant's symptom testimony where the activities contradict the claimant's testimony or where the activities are transferable to a work setting. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ found that Plaintiff "acknowledged engaging in activities which suggest she is not as limited as she alleged" and that Plaintiff's "allegations of incapacity are also not supported by or consistent with the record." AR 15. Although Plaintiff reported in her Adult Function Reports that she does some household activities, Plaintiff also reported that she takes frequent rests or goes slowly when doing anything physical, that it takes her a long time to complete activities, and that she needs help with most activities due to her symptoms. AR 364–71, 397–404. The ALJ also cited evidence that Plaintiff engaged in activities, such as going on a camping trip, walking with her mother, practicing Chi Gong and yoga, swimming, kayaking, and caring for her husband, who is deaf. AR 15. However, Plaintiff reported that she experienced constant pain during the camping trip, practices only gentle Chi Gong, yoga, and aqua therapy to treat her symptoms but is unable engage in the activities for very long, was able to kayak once in 2020 for between ten to fifteen minutes by going slowly and with help, and that her care activities for her husband is limited to acting as his ears. AR 59–60, 65–70, 2153. The ALJ failed to describe how or why these activities were inconsistent with Plaintiff's testimony that she experiences pain and exhaustion when performing physical activities. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Therefore,

the ALJ's erred by rejecting Plaintiff's symptom testimony by finding it inconsistent with evidence of Plaintiff's daily activities, and the ALJ's reasoning was not specific, clear, or convincing.

Finally, Plaintiff argues that the ALJ improperly rejected Plaintiff's testimony regarding disabling mental impairments based on inconsistency with the record. Dkt. 8, at 16. As discussed above, the ALJ erred in his evaluation of Dr. Widlan's opinion, which represents the only complete mental status examination in the record. Therefore, on remand, the ALJ should reconsider Plaintiff's testimony regarding debilitating mental impairments as warranted by further consideration of the evidence.

### 3. Lay Witness Testimony

Plaintiff argues that the ALJ improperly rejected a Function Report and Seizure Questionnaire completed by Plaintiff's mother by finding that the statements lacked "sufficiently supported information." Dkt. 8, at 17 (citing AR 19). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ rejected Plaintiff's mother's statements based solely on a lack of "sufficiently supported information to warrant the establishment of any limitations beyond those set forth herein." AR 19. Lack of support in the record is not a germane reason for rejecting lay witness testimony. *See Diedrich v. Berryhill*, 874 F.3d 634, 640–41 (9th Cir. 2017). Therefore, the ALJ erred by rejecting Plaintiff's mother's statements without providing germane reasons for doing so.

Plaintiff argues that the ALJ failed to provide germane reasons for rejecting statements from Plaintiff's sister, partner, and teenage daughter. Dkt. 8, at 17. Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and

ORDER
PAGE - 13

cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996. The Commissioner argues that the ALJ's failure to address the lay witnesses' statements was harmless because they did not describe any limitations not already described by the Plaintiff and because the ALJ credited more reliable medical evidence. Dkt. 9, at 16. As discussed above, the ALJ failed to provide specific, clear, or convincing reasons for rejecting Plaintiff's symptom testimony and further erred in his evaluation of the medical opinion evidence. Therefore, the ALJ's failure to address the lay witness statements in this matter was not harmless.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 19th day of December, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 14